Meyer EHRLICH and Hanna P. Ehrlich,
Petitioners,

v.

REAL ESTATE COMMISSION of the District of Columbia, Respondent.

No. 1706.

Municipal Court of Appeals for the District of Columbia.

Submitted Nov. 14, 1955.

Decided Dec. 13, 1955.

Joseph Sitnick, Washington, D. C., for petitioners.

Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, Milton D. Korman and Hubert B. Pair, Asst. Corp. Counsel, for respondent.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This case comes before the court upon a petition for review of a decision of the Real Estate Commission of the District of Columbia [1] suspending the licenses of petitioners for a period of ten days. Petitioners are licensed real estate brokers trading as "Town & Suburban Real Estate Co." As a result of a transaction which involved the sale of real estate, the Commission found petitioners guilty of having made a substantial misrepresentation as to the manner in which the property could lawfully be used and of having demonstrated such unworthiness to act as licensed real estate brokers as to endanger the interests of the public. [2]

At a public hearing evidence was introduced that petitioners prepared and inserted in a local newspaper an advertisement containing a picture of the premises and a description of the property which stated, among other things, the following: "* * * 3-room apartment in aboveground basement with separate outside entrance at garden level * * *." The premises were, and are presently, located in a "Residential 'A' Restricted" area, and in such areas the use of premises as multiple-family dwellings is prohibited by the Zoning Regulations. The Commission found that the word "apartment" connotes to persons in the real estate business and to the general public an income-producing unit or a separate rental unit and that the

1. Code 1951, Supp. III, § 11–772.

2. Code 1951, 45–1408(a, h).

description of a dwelling house with a complete apartment in the basement was a representation that the premises could be occupied by two families. The evidence was conflicting as to whether petitioners' agent (who was found guilty but who is not a party to this appeal) advised the purchasers that the Zoning Regulations prohibited occupation of the premises by more than a single family. However, the Commission found that they had been led to believe by the agent that the "apartment" had been "rented" by the prior owner and that, in reliance thereon, they signed a contract for the purchase of the premises and made a deposit of $1,000. The record also reflects that prior to the date of settlement, the purchasers received information about the Zoning Regulations and attempted to rescind the contract, whereupon the vendors declared a default and a forfeiture of the deposit.

 Petitioners contend that the findings and conclusions of the Commission were unsupported by substantial evidence. With this we cannot agree. Petitioners admitted that they knew the premises were located in a "Residential 'A' Restricted" area and this was supported by the testimony of petitioners' agent who stated that he was told by his principal to be certain that everyone interested in purchasing the property be informed that the apartment could not be rented because of the Zoning Regulations. Also, it was the general consensus of opinion of experts, who were called to testify, that the advertisement was worded in such a manner that the public could have been misled. The Commission had a reasonable basis for finding that the composition of the advertisement amounted to a suppression of a material fact and would be as misleading as an advertisement which was wholly false. The statement of petitioners' agent to the purchasers that he had been told the prior owner had rented the apartment, without further clarification,

cannot be considered a full and fair disclosure, if it can be considered a disclosure at all. When a person undertakes to make a statement in a business transaction, either voluntarily or in response to inquiries, he is bound not only to state truly what he tells, but also not to suppress or conceal any facts within his knowledge which would materially qualify those stated.[3]

Reasonable men could accept such relevant evidence as is outlined above as adequate to support a conclusion that there was misrepresentation by suppression and thus we are impelled to conclude that the findings and conclusions of the Commission were supported by substantial evidence.[4]

Affirmed.

---

3. Borzillo v. Thompson, D.C.Mun.App., 57 A.2d 195.

4. Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126; Universal Camera Corp. v. National Labor Rel. Bd., 340 U.S. 474, 477, 71 S.Ct. 456, 459, 95 L.Ed. 456.